**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 12 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KENNETH HUMBERT, | No. 20-35822 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-01740-SB |
| v. | |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted July 7, 2021[**]
Portland, Oregon

Before: O'SCANNLAIN, PAEZ, and BENNETT, Circuit Judges.

In this diversity action, Kenneth Humbert sued Liberty Mutual Fire

Insurance Company ("Liberty") for breach of an insurance policy ("Policy"). The

district court granted summary judgment to Liberty, and Humbert appeals that

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

decision. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

MDU Resources Group, Inc. ("MDU"), the "First Named Insured" under the Policy, elected in writing to lower the Policy's uninsured/underinsured motorist ("UM/UIM") benefits to $25,000 per person ("Election"). The issue is whether Oregon Revised Statutes § 742.502 prevented MDU from making the Election on behalf of the other named insureds under the Policy.

Humbert concedes that, applying federal rules of statutory construction, the plain and unambiguous language of the statute allowed MDU to make the Election on behalf of the other named insureds. *See* Or. Rev. Stat. § 742.502(2)(a) ("A motor vehicle bodily injury liability policy must have the same limits for uninsured motorist coverage as for bodily injury liability coverage unless *a named insured* in writing elects lower limits." (emphasis added)). Humbert claims, however, that the result would be the opposite under Oregon's rules of statutory construction because Oregon courts must consider legislative history even when a statute is unambiguous.[1] This argument is unavailing. Although Oregon courts must consider legislative history, *State v. Gaines*, 206 P.3d 1042, 1050–51 (Or. 2009) (en banc), "text and context remain primary, and must be given primary weight in the [statutory construction] analysis," *id*. at 1050. Moreover, "[w]hen the text of a statute is truly capable of having only one meaning, no weight can be given to

---

[1] The parties agree that we should apply Oregon's rules of statutory construction.

legislative history that suggests—or even confirms—that legislators intended something different." *Id.* at 1051.

The relevant text of § 742.502 is unambiguous. The statute requires only "a" named insured to make the election, and nothing in the statute suggests that "a named insured" means anything but *one* named insured. Nor does anything in the statute suggest that one named insured cannot make a valid and binding election on behalf of other named insureds. Because the relevant statutory text is "capable of having only one meaning," we give no weight to the legislative history identified by Humbert.[2] *Gaines*, 206 P.3d at 1051. Thus, § 742.502 allowed MDU to make the Election on behalf of the other named insureds.

We reject Humbert's remaining arguments because they are policy arguments on why applying the statute according to its plain terms would be unfair. *See Brown v. Saif Corp.*, 391 P.3d 773, 793 (Or. 2017) ("Arguments about whether [a statute] is fair or produces results at odds with public policy are better directed to the legislature."). Moreover, we see no unfairness. The Policy provides that the term "Named Insured" includes only the "First Named Insured" (i.e., MDU) and organizations in which the "First Named Insured owns an interest therein of more than 50%" (and which are listed in the endorsement schedule).

---

[2] The only "legislative history" identified by Humbert is one isolated statement by a non-legislator.

3

Because "Named Insureds" under the Policy include only MDU and entities that MDU controls, there is no apparent unfairness in applying the statute here, as MDU may elect to lower limits only for itself and other named insureds that it actually controls.

**AFFIRMED.**[3]

---

[3] We deny Humbert's motion to certify a question to the Oregon Supreme Court (Dkt. No. 18) because this case involves the straightforward application of Oregon's rules of statutory construction to an unambiguous statute.